## SCOTT & SPARROW v. JOHN A. WATTS.

(No. 1111, Op. Book No. 3, p. 447.)

ERROR from Karnes County.    Opinion by WHITE, P. J.

**§ 88.** *Service of citation by military officer.*    A defendant was served with citation by a lieutenant of state troops, and upon such service judgment by default was rendered. *Held,* that the officer had no authority to serve civil process, and the service being a nullity, the judgment by default was set aside.

**§ 89.** *Defective citation.*    A citation which cited the defendant to appear in the year 187, cited him to appear at an impossible date, and was held to be fatally defective, and a judgment by default rendered thereon was set aside.

January 26, 1881.        Reversed and remanded.

---

## WM. CONALLY v. B. O. GAMBULL.

(No. 1208, Op. Book No. 3, p. 448.)

APPEAL from McLennan County.    Opinion by WHITE, P. J.

**§ 90.** *Appeal bond; within what time must be filed.* When an appeal is taken to the county court from a judgment of a justice of the peace, the appeal bond must be filed within ten days after the rendition of the judgment, or the appeal will be dismissed for want of jurisdiction. [Mather v. Crozier, 50 Tex. 154; Lane v. Doak, 48 Tex. 228.]

January 29, 1881.        Reversed and remanded.